# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES FRANKLIN McLAUGHLIN, III,  )<br>)<br>Plaintiff,  )<br>)<br>-vs-  )<br>)<br>UNITED STATES OF AMERICA,[1]  )<br>)<br>Defendant.  ) | Case No. CIV-22-721-F |

## **ORDER**

Defendant United States of America filed a Notice of Removal in this court on August 19, 2022, giving notice of the removal of this action from the District Court of Comanche County, State of Oklahoma. *See*, doc. no. 1.

The court is currently in receipt of a Notice of Dismissal Without Prejudice, filed by plaintiff, James Franklin McLaughlin, III. *See*, doc. no. 4. Plaintiff states that he dismissed his petition in the District Court of Comanche County and attaches to his notice a Dismissal Without Prejudice filed in the District Court of Comanche County on August 24, 2022. *See*, doc. no. 4-1.

In BP P.L.C. v. Mayor and City Council of Baltimore, 141 S.Ct. 1532 (2021), the Supreme Court explained:

---

[1] This action originally named Brett Stevens as defendant. Defendant's last name is correctly spelled as Stephens. The United States Attorney for the Western District of Oklahoma certified that defendant Brett Stephens was an employee of the United States of America acting within the scope of his employment at the time of the alleged events giving rise to this action. As such, this action is "deemed to be an action or proceeding brought against the United States . . . and the United States [is] substituted as the party defendant." 28 U.S.C. § 2679(d)(2).

> To remove a case, a defendant must comply with 28 U.S.C. § 1446. Essentially, that statute requires the defendant to provide affected parties and courts with a notice stating its grounds for removal. §§ 1446(a), (d). The combination of these actions 'effect[s] the removal.' § 1446(d).

The court has reviewed the state court docket for this case. It appears that the United States of America served the notice upon plaintiff's counsel by U.S. Mail and filed a copy of its Notice of Removal with the state court prior to plaintiff's filing of the Dismissal Without Prejudice. As such, the case was removed to this court before plaintiff dismissed his action in state court. Plaintiff's dismissal without prejudice is therefore of no legal consequence.

If plaintiff wishes to dismiss his action, he may do so by complying with Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 25th day of August, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0721p001.docx