## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES FRANKLIN McLAUGHLIN, III, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-22-721-F |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff James Franklin McLaughlin, III commenced this action in the District Court of Comanche County, State of Oklahoma.  In his petition, plaintiff sought to recover damages under two theories of tort liability – assault and intentional infliction of emotional distress.  Plaintiff named as defendant Brett Stevens, correctly identified as Brett Stephens.  Pursuant to 28 U.S.C. §§ 2671, 2679, and 28 C.F.R. Part 15, the United States of America certified that Mr. Stephens was acting within the scope of his employment as an employee of the United States of America at the time of the alleged acts set forth in the petition.  The United States of America then removed the action to this court pursuant to 28 U.S.C. §§ 1441(c)(1)(A), 1442(a)(1) and 2679(d)(2).  And pursuant to 28 U.S.C. § 2679(d)(2), the United States of America was substituted as the party defendant for Mr. Stephens.

Defendant United States of America has moved to dismiss plaintiff's action pursuant to Rule 12(b)(1) and Rule 12(b)(6), Fed. R. Civ. P.  Doc. no. 6.  Defendant asserts that the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671-

2680, provides the exclusive remedy for plaintiff's tort claims.  However, it contends that plaintiff has neither alleged facts to establish he exhausted his administrative remedies as required by the FTCA nor has he alleged facts to establish that his claims fall within the scope of the FTCA.  As a result, defendant argues that plaintiff's action is subject to dismissal for lack of jurisdiction under Rule 12(b)(1), Fed. R. Civ. P.  In the alternative, defendant argues that plaintiff has failed to state a plausible tort claim in the petition and dismissal of the action is required under Rule 12(b)(6), Fed. R. Civ. P.

Plaintiff has not filed a response in opposition to defendant's motion within the time prescribed by LCvR7.1(g).  Acting in its discretion, the court, pursuant to LCvR7.1(g), deems defendant's motion as confessed.  Upon independent review of the confessed motion, the court concludes the same should be granted.

The FTCA is the exclusive remedy for plaintiff's tort claims.  *See*, 28 U.S.C. §§ 1346(b)(1), 2679(b)(1).  However, plaintiff has failed to allege facts to demonstrate exhaustion of his administrative remedies under the FTCA prior to filing suit.  *See*, <u>Duplan v. Harper</u>, 188 F.3d 1195, 1199 (10th Cir. 1999) ("As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies); *see also*, <u>Gabriel v. United States</u>, 683 Fed. Appx. 671, 672 (10th Cir. 2017) ("When a claim is unexhausted prior to suit under the [FTCA], the claimant cannot 'cure the jurisdictional defect' while the suit is pending.") (quoting <u>Duplan</u>, 188 F.3d at 1199). Plaintiff has also failed to allege facts to show that his claims fall within the scope of the FTCA.  *See*, <u>Cortez v. E.E.O.C.</u>, 585 F. Supp. 2d 1273, 1284 (D.N.M. 2007) ("The FTCA's waiver of sovereign immunity is limited [].  If the claim does not fall within the FTCA's express provisions, or if it falls within one of its exceptions, the claim is not cognizable under the FTCA[.]") (citation omitted).  As a result, the court concludes that it lacks jurisdiction over plaintiff's claims and plaintiff's action must

be dismissed without prejudice pursuant to Rule 12(b)(1), Fed. R. Civ. P.  In light of this ruling, the court need not address whether plaintiff's claims are subject to dismissal under Rule 12(b)(6) based upon the failure to state plausible claims.

Accordingly, the United States' Motion to Dismiss (doc. no. 6) is **GRANTED**.  Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P.  A separate judgment will be entered.

IT IS SO ORDERED this 19th day of September, 2022.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

22-0721p002.docx